# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Monica V. Bell, | Civil Action No. 9:16-1225-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| United States of America, | |
| Defendant. | |

This matter is before the Court on Defendant the United States' motion for summary judgment (Dkt. No. 28). For the reasons set forth below, the Court grants Defendant's motion as to Plaintiff's first cause of action and dismisses Plaintiff's second cause of action for lack of jurisdiction.

## I.     Background

Plaintiff Monica Bell and her husband attended family day activities associated with the Marine Corps graduation of their daughter from boot camp in Parris Island, South Carolina on February 27, 2014. Plaintiff walks with a cane due to a debilitating stroke that she suffered approximately one month earlier, which has left her partially paralyzed. In the afternoon of the 27th, Plaintiff attended an event in a gymnasium-style building. Handicapped-accessible seating was provided at the gymnasium, but Plaintiff did not ask to be seated in handicapped-accessible seating or for any other accommodation. (Dkt. No. 28-1 at 8–9 (excerpts from Mrs. Bell's deposition testimony).) Plaintiff alleges that the handicapped-accessible seating was "closed" and that she was directed to climb bleacher stairs to find a seat. As she navigated the stairs, she tripped on a step and suffered a mildly displaced fracture in the fourth metatarsal and a nondisplaced fracture in the fifth metatarsal of her left foot.

On April 20, 2016, Plaintiff filed the present action, seeking monetary damages for her injuries. She asserts claims for negligence under the Federal Tort Claims Act ("FTCA") and for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. On April 11, 2017, Defendant moved for summary judgment.

## II.     Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

### A. Tort Claim

The FTCA waives the sovereign immunity of the United States for tort claims, rendering the United States "liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. South Carolina law provides that private individuals are liable in negligence if the plaintiff proves "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty." *Fettler v. Gentner*, 722 S.E.2d 26, 29 (S.C. Ct. App. 2012). In premises liability cases, the "level of care owed is dependent upon the class of the person present." *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). "South Carolina recognizes four classes of persons present on the property of another: adult trespassers, invitees, licensees, and children." *Id.*

The parties agree that Plaintiff was an invitee at Parris Island when the incident occurred. "The owner of property owes to an invitee . . . the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Sims v. Giles*, 541 S.E.2d 857, 863 (S.C. Ct. App. 2001). Generally, "[t]he landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." *Id.* The "possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id.* at 864. The landowner also has a duty to his invitees to "refrain[] from any act which may make the invitee's use of the premises dangerous or result in injury to him." *Id.*

Plaintiff does not allege any latent dangers in the premises. Rather, Plaintiff alleges Defendant breached its duty of care owed Plaintiff as an invitee in (1) "[c]reating a dangerous

and hazardous condition by closing off the [handicapped-]accessible seating in the" gymnasium and (2) "directing an individual with an obvious physical handicap to use stairs which were unsafe for her to use." (Dkt. No. 1 ¶ 24.) Placing Plaintiff's allegations into the framework of South Carolina premises liability law, Plaintiff alleges that closing the handicapped-accessible seating area was an "act which may make the invitee's use of the premises dangerous or result in injury to him," and that, although the danger posed by the gymnasium steps was obvious to all, Defendant nevertheless should have anticipated harm to Plaintiff despite that obviousness because of the obviousness of Plaintiff's disability.

If Defendant did deny Plaintiff access to handicapped-accessible seating, that might give rise to liability in negligence to an invitee. But Plaintiff has no evidence to support her allegation that the handicapped-accessible seating area was "closed." She instead opposes summary judgment by arguing, "a handicapped accessible area was available, but knowledge of its availability was not given to either Mrs. Bell." (Dkt. No. 29 at 2.) In other words, she has abandoned the argument that she was denied access to handicapped-accessible seating and stands on the argument that because of the obviousness of her disability, Defendant should have anticipated harm to her, even though the steps were obvious to all.

It is undisputed that Plaintiff was ambulatory, that Plaintiff did not request and assistance or accommodation, and that Plaintiff did not object to climbing the steps. (*See* Dkt. No. 28-1 at 8, 9 (excerpts from deposition of Mrs. Bell); Dkt. No. 28-1 at 11, 12 (excerpts from deposition of Mr. Bell).) As a matter of law, the Court cannot hold a landowner negligent when an ambulatory invitee who does not request assistance or accommodation climbs steps located on the premises without objection. *See Denton v. Winn-Dixie Greenville, Inc.*, 312 S.C. 119, 121 (S.C. Ct. App. 1993) ("The mere fact that there is a difference between the levels in the different parts of the

premises does not, in itself, indicate negligence unless, owing to the character, location and surrounding condition of the change of level, a reasonably careful person would not be likely to expect or see it."). Without some communication from Plaintiff or on Plaintiff's behalf, there was no reason that Defendant should have anticipated the danger the steps posed to Plaintiff.

**B.     Discrimination Claim**

Plaintiff also asserts a claim for violation of section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794. The Rehabilitation Act prohibits discrimination because of disability under any program or activity conducted by any executive agency. *Lane v. Pena*, 518 U.S. 187, 198 (1996). Defendant argues, "[t]here is some debate whether an implied private right of action exists under the Rehabilitation Act" but that "[f]or purposes of this suit [the] . . . question is important because plaintiff is unable to prove discrimination." (Dkt. No. 28-1 at 17.) The Court disagrees; the question is important because it is jurisdictional. In this Circuit, there is no private right of action under section 504 of the Rehabilitation Act. *Clark v. Skinner*, 937 F.2d 123, 125–126 (4th Cir. 1991). This Court does not have jurisdiction to hear Plaintiff's claim under section 504. *Id.* at 126. The claim under the Rehabilitation Act therefore is dismissed without prejudice for lack of jurisdiction.

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. No. 28) as to Plaintiff's first cause of action for negligence and **DISMISSES WITHOUT PREJUDICE** Plaintiff's second cause of action for violation of the Rehabilitation Act of 1973.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Court Judge

May 19, 2017
Charleston, South Carolina